#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### AIKEN DIVISION

| | | |
|---|---|---|
| Lelia Holley, | ) | Civil Action No.: 1:21-cv-00799-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Great Clips, Inc. and Cherry BIM. Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to Defendant Great Clips, Inc.'s ("Great Clips") Motion to Dismiss. (ECF No. 9.) Great Clips asserts that it should be dismissed from this action because the Complaint (ECF No. 1-1) "does not allege sufficient facts as a matter of law to establish liability against a franchisor who does not own or operate the location where the alleged incident occurred." (ECF No. 9 at 1.) For the reasons set forth below, the court **DENIES** the Motion to Dismiss. (ECF No. 9.)

### I.    RELEVANT BACKRGOUND

This case arises from a slip and fall incident at a Great Clips hair salon. (ECF No. 1-1.) On February 28, 2020, Plaintiff went to a Great Clips location to have her hair cut and styled. (*Id.* at 3.) While on her way from the wash station to the styling chair, Plaintiff alleges she "slipped due to the presence of water on the floor causing her to fall and suffer severe injury." (*Id.* at 4.) On February 10, 2021, Plaintiff filed a "Complaint for Personal Injuries" in the Court of Common Pleas for Aiken County, South Carolina against Great Clips, as franchisor, and Cherry BIM, Inc. ("Cherry BIM"), as franchisee of the specific location of the incident. (*Id.* at 1.) Plaintiff alleges that due to Defendants' negligence and her reliance on the apparent agency between Cherry BIM and Great Clips, she suffered a slip and fall and significant damages. (*Id.* at 5.)

1

On March 19, 2021, Defendants removed the lawsuit to federal court based on the court's diversity jurisdiction. (ECF No. 1.) On April 1, 2021, Great Clips filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and District of South Carolina Local Rule 7.04. (ECF No. 9.) On April 15, 2021, Plaintiff filed a Response in Opposition to Great Clips' Motion. (ECF No. 10.)

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*,

550 U.S. at 556).

## III.     ANALYSIS

Great Clips contends that Plaintiff has not pled facts necessary to establish franchisor liability or those necessary to show liability based on the existence of an agency relationship between Great Clips and Cherry BIM. (ECF No. 9-1 at 2, 5.) "In a negligence action, a plaintiff must show that the (1) defendant owes a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages." *Steinke v. S.C. Dep't of Lab., Licensing & Regul.*, 520 S.E.2d 142, 149 (S.C. 1999) (citing *Bishop v. South Carolina Dep't of Mental Health*, 502 S.E.2d 78 (S.C. 1998)). If the court finds that no duty exists, the defendant is entitled to judgment as a matter of law. *Houck v. State Farm Fire & Cas. Ins. Co.*, 620 S.E.2d 326, 329 (S.C. 2005) (citing *Simmons v. Tuomey Reg'l Med. Ctr.*, 533 S.E.2d 312, 316 (S.C. 2000)).

Plaintiff asserts that Defendants owed her a duty of care as an invitee while she was at the Cherry BIM Great Clips location and "that Cherry BIM was acting as the actual and apparent agent of Great Clips, and that as such, it is vicariously liable for the negligent acts of Cherry BIM." (ECF No. 10 at 1.) "A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts." *Frasier v. Palmetto Homes of Florence, Inc.*, 473 S.E.2d 865, 867 (S.C. Ct. App. 1996) (quoting *Orphan Aid Soc'y v. Jenkins*, 362 S.E.2d 885, 887 (S.C. Ct. App. 1987)). In South Carolina, "the test to determine agency is whether or not the purported principal has the right to control the conduct of its alleged agent." *Allen v. Greenville Hotel Partners, Inc.*, 409 F. Supp. 2d 672, 678 (D.S.C. 2006) (quoting *Fernander v. Thigpen*, 293 S.E.2d 424, 426 (S.C. 1982)). "The elements which must be proven to

establish apparent agency are: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment." *Cropp v. Golden Arch Realty Corp.*, No. 2:08-cv-0096-CWH, 2009 WL 10710585, at *5 (D.S.C. Mar. 31, 2009) (citing *Cowburn v. Leventis*, 619 S.E.2d 437, 448 (S.C. Ct. App. 2005)).

Here, the court finds the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Specifically, Plaintiff has alleged that that Great Clips is the franchisor of the location where she was injured (ECF No. 1-1 at 3), and that she relied on Cherry BIM's apparent association with Great Clips based on its usage of the Great Clips' brand name, logo, and other identifying characteristics in deciding to patronize the establishment (*id.* at 5). The Complaint sets forth facts raising "the right to relief above the speculative level," even if the actual chance of "recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As such, Plaintiff has satisfied the plausibility requirement of Rule 12(b)(6) as articulated in *Twombly* and *Iqbal*, and her claims against Great Clips survive dismissal.

## IV.     CONCLUSION

For the reasons set forth above, the court **DENIES** Defendant Great Clips' Motion to Dismiss. (ECF No. 9.)

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

February 4, 2022
Columbia, South Carolina